

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

September 17, 1964

Honorable Vernon D. Adcock          Opinion No. C-310
County Attorney
Dawson County                       Re: Authority of a sheriff to
Lamesa, Texas                           grant commutation of time
                                        for good conduct under
                                        Article 5118(a), Vernon's
                                        Civil Statutes, to a pris-
                                        oner incarcerated under a
                                        sentence for a felony of-
Dear Mr. Adcock:                        fense, and related questions.

        You request our opinion construing Article 5118(a),
Vernon's Civil Statutes, with regard to its application to the
facts which you set out in your letter as follows:

        "Prisoner, on his plea of guilty, was found
    guilty of a felony offense by the District
    Court, and sentenced to a term of years of not
    less than two (2) nor more than four (4).  Said
    prisoner was not transferred to the Texas Depart-
    ment of Corrections, but was incarcerated in the
    County Jail, where he has been a trusty.  This
    arrangement was with the full approval and con-
    sent of said prisoner.  On July 15, 1964, said
    prisoner had served three (3) years of his four
    (4) year sentence."

        In light of the facts as set out, you request our
opinion on the following questions:

        "(1)  Does the Sheriff in charge of the County
    Jail wherein prisoner is confined have the au-
    thority to commute the time of prisoner's sen-
    tence for good conduct under Article 5118(a),
    Vernon's Civil Statutes of the State of Texas?

        "(2)  Can Prisoner make application for and re-
    ceive parole without being transferred to the
    Texas Department of Corrections?

-1478-

"(3) Can prisoner make application for and receive a commutation of sentence by the Governor of the State of Texas, with the approval of the Board of Pardons and Paroles, without being transferred to the Texas Department of Corrections?"

In Attorney General's Opinion No. C-144, it was held that sheriffs have the authority to award commutation of time for good conduct, pursuant to Article 5118(a), Vernon's Civil Statutes, to a prisoner serving in jail under a judgment imposing a jail sentence or a fine.

However, this opinion is not directed to the situation which you have outlined, that is, a prisoner incarcerated in the County Jail who is under sentence in a felony case where the punishment imposed was a term of years in the state penitentiary. There is no statutory or other authority permitting a prisoner under a penitentiary sentence to serve such sentence in the county jail; on the contrary, the county authorities are required to deliver such a prisoner to the Texas Prison System (Attorney General's Opinion No. O-6177). Article 5118(a) can have no application to such a prisoner and to the instant situation. Therefore, while we answer your first question in the affirmative - a sheriff does have authority to commute the time of a jail sentence for good conduct under Article 5118(a) - his authority extends only to such prisoners who are in his custody under sentence imposing a term to be served in jail or where a prisoner is laying out a fine and not to prisoners sentenced to a term in the penitentiary.

Your second question, "Can a prisoner make application for and receive parole without being transferred to the Texas Department of Corrections," is answered by the Adult Probation and Parole Law of 1957, Article 781d of the Code of Criminal Procedure. Section 12 of Article III of this Act refers to the matter of paroles in the following language:

"Sec. 12. The Board of Pardons and Paroles created by Article 4, Section 11 of the constitution of this state, shall administer the provisions of this Act respecting determinations of which prisoners shall be paroled from <u>the Prison System of this state</u>, the conditions of such paroles, and may recommend the revocation of paroles by the Governor." (Emphasis added)

It is clear that only prisoners confined in the "Prison System of this State" are subject to the terms of the Act and are eligible for parole. Article 6166a-1 of Vernon's Civil Statutes changed the name of the Texas Prison System to the Texas Department of Corrections.

Accordingly, in answer to your second question, we hold that a prisoner must be transferred to the Texas Department of Corrections before he can make application for and receive parole.

With reference to the third question which in substance is "Can a prisoner receive a pardon or commutation of sentence from the Governor with the approval of the Board of Pardons and Paroles without being transferred to the Texas Department of Corrections," we answer such question in the affirmative.

Section 11 of Article IV of the Constitution of Texas gives to the Governor the power to grant reprieves and commutations of punishment and pardons upon the written recommendation and advice of a majority of the Board of Pardons and Paroles under such rules and procedures as the Legislature may prescribe. The Legislature has made no rule or requirement which would prevent a prisoner incarcerated in county jail from receiving a commutation of sentence or a pardon or that would require such prisoner to be transferred to the Texas Department of Corrections before being eligible to receive a pardon or commutation.

## SUMMARY

1. A sheriff has authority to award commutation of time for good conduct under the authority of Article 5118(a), Vernon's Civil Statutes, to a person serving time in a county jail under a judgment imposing a jail sentence or a fine. However, this statute has no application to a prisoner incarcerated in county jail under a sentence calling for imprisonment in the penitentiary, and in such case the sheriff cannot make any commutation of the sentence.

2. A prisoner must be transferred to the Texas Department of Corrections before he can make application for parole.

3. The Governor has the power upon the recommendation and advice of the Board of Pardons and Paroles to commute the sentence of a prisoner whether he be incarcerated in a county jail or in the penitentiary.

Very truly yours,

WAGGONER CARR
Attorney General of Texas

By: Lonny F. Zwiener
Assistant Attorney General

LFZ/ts

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
George Gray
Brandon Bickett
Ben Harrison
Gordon Cass

APPROVED FOR THE ATTORNEY GENERAL
BY: Roger Tyler